Robert A. Bailey (# 214688)
    rbailey@afrct.com
Adam F. Summerfield (# 259842)
    asummerfield@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:   (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB
(erroneously sued as "Wells Fargo Bank as
successor in interest to Wachovia and World
Savings Bank) ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCY ZAMORA, an individual and MARCOS ZAMORA, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK as successor in interest to Wachovia and World Savings Bank; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 3:13-CV-00134-MEJ<br><br>[The Honorable Maria-Elena James]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      Feb. 21, 2013<br>Time:     10:00 a.m.<br>Ctrm:     B |

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on February 19, 2013, at 9:00 a.m., in Courtroom B of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, defendant Wells Fargo Bank N.A., successor by merger with Wells Fargo bank Southwest, N.A., formerly known as Wachovia mortgage FSB, formerly known as World Savings Bank, FSB (erroneously sued as "Wells Fargo Bank as successor in interest to Wachovia and World Savings

Bank") ("Wells Fargo") will move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the first through third causes of action in the complaint.

Grounds for the motion to dismiss, brought pursuant to F.R.C.P. 12(b)(6), are:

1. **First Claim for Relief: Violation of Section 17200 of Cal. Bus. & Prof. Code**

Plaintiffs fail to state a claim for violation of Cal. Bus. & Prof. Code § 17200 because: (i) the claim is barred by the statute of limitations; (ii) the claim for relief is preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq.* ("HOLA"); (iii) plaintiffs have not stated a claim for "unlawful" acts or practices; (iv) plaintiffs have not stated a claim for "unfair" acts or practices; and (v) plaintiffs have not stated a claim for "fraudulent" acts or practices.

2. **Second Claim for Relief: Fraud (Cal. Civ. Code § 1572)**

Plaintiffs fail to state a claim for fraud because: (i) the claim is barred by the statute of limitations; (ii) plaintiffs' claim fails for lack of the requisite specificity and particularity; plaintiffs' allegations are contradicted by the promissory note and are barred by the parol evidence rule; and (iv) plaintiffs' claim is preempted by HOLA.

3. **Third Claim for Relief: Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs fail to state a claim for contractual breach of the covenant of good faith and fair dealing because: (i) the claim is barred by the statute of limitations; (ii) the claim is preempted by HOLA; (iii) plaintiffs fail to allege their performance under the contract; and (iv) plaintiffs fail to allege specific terms of the contract that have been frustrated.

///
///
///

1   This motion will be based on this notice of motion, the memorandum of points and
2   authorities, the concurrently filed request for judicial notice, the documents on file in this action,
3   the argument of counsel, and on such other information as the Court may deem appropriate.

Respectfully submitted,

Dated: January 15, 2013

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: */s/ Adam F. Summerfield*
 Adam F. Summerfield
 asummerfield@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (erroneously sued as "Wells Fargo Bank as successor in interest to Wachovia and World Savings Bank) ("Wells Fargo")

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action involves a December 2005 loan, secured by real property, in the amount of $439,200.00, which plaintiffs obtained from World Savings Bank, FSB.  Plaintiffs then began defaulting on their obligations at some time in early 2012.  Before formal foreclosure proceedings could be initiated, plaintiffs filed this instant lawsuit.  The gravamen of plaintiffs' lawsuit is that they did not understand the terms of the loan documents due to their lack of knowledge of professional finance terminology and their lack of understanding of the English language, and that the material terms of the loan documents differed from representations made by an unnamed loan officer.  They also allege that an unnamed loan officer assured them that the loan was a fixed rate loan and material terms of the loan were the same as promised, and that they were assured that they would be entered into a fixed rate loan for 30 years.  As shown below, plaintiffs' claims are legally insufficient and incapable of being cured, and plaintiffs' causes of action should be dismissed without leave to amend.

## 2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

On December 9, 2005, plaintiffs borrowed $439,200.00 from Wells Fargo's predecessor, World Savings Bank, FSB.[1]  The loan was memorialized by a promissory note and secured by a deed of trust recorded against 24766 Broadmore Avenue, Hayward, California 94544 (the "property").  A true and correct copy of the note and deed of trust are attached to the Request for Judicial Notice ("RJN"), at ¶¶ 1-2, Exhibits A and B, respectively.

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  In November 2009, it changed its name to Wells Fargo Bank Southwest, N.A., before merging with Wells Fargo Bank, N.A. (RJN, ¶¶ 3-6, Exs. C, D, E, and F are true and correct copies of (i) a Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS") to World Savings, (ii) an OTS letter dated November 19, 2007 authorizing the name change, (iii) the

---

[1] Plaintiffs allege "[o]n or about June 2006, Plaintiffs obtained a mortgage loan from World Savings Bank which was secured by a Deed of Trust." Compl., ¶ 14.  Plaintiffs' date pleaded is in error, as shown by the promissory note, dated December 9, 2005, and the deed of trust, also dated December 9, 2005.  RJN, ¶¶ 1-2, Ex. A-B.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Charter of Wachovia Mortgage, FSB, and (iv) an Official Certification of the Comptroller of the
2  Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells
3  Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.,
4  respectively).

5      Plaintiffs made monthly payments for more than six years, in amounts that fluctuated in
6  accordance with the adjustable interest-rate terms spelled out in the promissory note.  In this
7  lawsuit, plaintiffs' central allegation is that, back in December of 2005, Wells Fargo fraudulently
8  led them to believe they was signing up for a *fixed* rate loan that would fully amortize over 30
9  years.  *See supra n.*1; Compl., ¶¶ 17, 19.

10  **3.    ALL CAUSES OF ACTION ARE TIME-BARRED AND MUST BE DISMISSED.**

11      Plaintiffs allege that an unnamed loan officer made misrepresentations regarding the
12  terms of their loan at origination "on or about [December 9, 2005]."  *See supra n.*1; Compl., ¶¶
13  14, 17-19.  Plaintiffs filed their action in state court on December 12, 2012.  Having waited *over*
14  *seven* years to bring this complaint, all of plaintiffs' causes of action are time-barred.

15  **A.    Plaintiffs Fails to Plead Facts Warranting the Application of Delayed Discovery.**

16      Apparently recognizing the facial bar created by the statute of limitations, plaintiffs
17  allege they only became aware of any fraud when they "retained the services of their attorney to
18  review their laon documents in July of 2012."  Compl., ¶ 15.  The central allegation of plaintiffs'
19  complaint is that their loan officer misrepresented whether the loan was a fixed or adjustable rate
20  loan. Plaintiffs' argument implies that they have not read a single monthly loan statement for
21  over six years – from the origination of the loan through December 2012, the date they filed the
22  complaint.  This defies credulity, and plaintiffs nonetheless have not adequately pleaded a basis
23  to invoke delayed discovery.

24      A plaintiff relying on delayed discovery must allege specific facts establishing that:  (1)
25  he had no knowledge of the injury; (2) he lacked means for obtaining such knowledge; and (3)
26  how and when he actually learned of the injury.  *Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d
27  1402, 1407 (9th Cir. 1995); *Parson v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995).  "Formal
28  averments or general conclusions to the effect that the facts were not discovered until a stated

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1  date, and that the plaintiff could not reasonably have made an earlier discovery, *are useless*." 5

2  Witkin, California Procedure, Pleading § 929 (5th ed. 2008) (emphasis added).

3        Here, plaintiffs fail to plead facts justifying their failure, until July of 2012, to discover

4  the terms of the loan. There is no reason they could not have read the loan documents at the time

5  they signed them or anytime thereafter. Plaintiffs' purported justification for their failure to read

6  the loan documents, "[d]ue to Plaintiffs' lack of knowledge of professional finance terminology

7  and, above all, the lack of their understanding of the English language," cannot support their

8  claim. Compl., ¶ 20. As noted below, the promissory note and deed of trust each provide

9  disclosures regarding the adjustable nature of the loan. Plaintiffs do not allege facts that they

10 "lacked means for obtaining such knowledge." *Cal. Sansome Co.*, 55 F.3d 1402, 1407 (9th Cir.

11 1995). Plaintiffs could easily have a person more fluent in English translate the documents for

12 them, and plaintiffs do not allege that they ever indicated difficulty understanding the loan

13 documents to the unnamed loan officer. *See Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist.

14 LEXIS 97672, *24-28 (E.D. Cal. 2011) ("[e]ven if loan documents were not provided in

15 Plaintiff's native language, *a reasonable Plaintiff, taking out a $421,650.00 mortgage is*

16 *reasonably expected to seek a translation of the documents at inception of the loan* or at least

17 sometime before the limitations period ended.") (emphasis added).

18       Moreover, the note states in capital letters, at the top of the first page, that it was an

19 "ADJUSTABLE RATE MORTGAGE NOTE" and directly below contains, in capital letters, the

20 provision that "THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY

21 INTEREST RATE. MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE

22 INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED." RJN, ¶ 1, Ex.

23 A. The note continues, in section 3(B), that "[m]y initial monthly payment amount was selected

24 by me from a range of initial payment amounts approved by Lender and may not be sufficient to

25 pay the entire amount of interest accruing on the unpaid Principal balance." *Id.*

26       Nor do plaintiffs allege that they did not receive any of their monthly mortgage

27 statements. Even if they had included such an allegation, the absence of monthly loan statements

28 would, in and of itself, be sufficient to place plaintiffs on inquiry notice at least six years ago.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiffs obviously knew that their payment amounts were fluctuating over the years. Those changes gave rise to a duty on their part to investigate further, and they are charged with knowledge of the true facts concerning their loan terms. *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 874-75 (1983).

Plaintiffs had the means of discovering the alleged fraud in their possession since December of 2005  Their failure to act reasonably and investigate further precludes them from relying on delayed discovery.

B. **The First Cause of Action for Violation of Business And Professions Code §17200 is Time-Barred.**

Plaintiffs challenge the adequacy of the disclosures given at the time of origination, claiming that Wells Fargo violated §17200 at the time of the loan origination. Compl., ¶¶ 17-18, 21. The cause of action is therefore barred by the four-year statute of limitations in § 17208, as of December 9, 2009.

C. **The Second Cause of Action for Fraud is Time-Barred.**

In support of their second cause of action, plaintiffs challenge the representations made by their loan broker during the origination of the loan. Compl., ¶ 41. This cause of action is therefore barred by the three-year statute of limitations in Section 338(d) of the California Code of Civil Procedure, as it lapsed December 9, 2008.

D. **The Third Cause of Action for Breach of the Implied Covenant is Time-Barred.**

In the third cause of action, plaintiffs allege that the unnamed loan officer misrepresented the material terms of the loan during origination. Compl., ¶¶ 56a-d. The statute of limitations on a cause of action for breach of the implied covenant is three years. *City of Vista v. Robert Thomas*, 84 Cal.App.4th 882, 889 (2000), citing Cal. Code Civ. Proc. § 338. In *City of Vista*, the court applied the three-year statute of limitations because the gravamen of the plaintiff's complaint was fraud. *Id.* Similarly, in this case the implied covenant claim is based on some purported fraud. Just as in *City of Vista, supra*, the statute of limitations is three years, and it expired in December of 2008, long before the filing of this action in December of 2012.

## 4. THE FIRST CLAIM (VIOLATION OF CAL. BUS. & PROF. CODE § 17200) SHOULD BE DISMISSED.

Plaintiffs first assert a claim for violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200. A claim under the UCL requires the allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003). Initially, as stated above, plaintiffs' UCL claim is time-barred.

At paragraph 26, plaintiffs provide a laundry list of purported wrongs, including: "Assessing improper or excessive fees; Improperly applying monthly payments made toward the principle [sic] balance; Seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract or that are in excess of amounts legally due; Executing and recording false and misleading documents; and Misrepresenting to Plaintiffs the actual terms of the loan." Compl., ¶ 26a-e.

### A. Plaintiffs have not Pleaded a Claim for "Unlawful" Acts or Practices.

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations … as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th 377, 383 (1992) (quotations and citations omitted).

Plaintiffs fail to allege that Wells Fargo violated any independently actionable law. If a claim cannot be stated under the "borrowed" law, a UCL claim cannot be stated either. *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005). Therefore, plaintiffs cannot show that Wells Fargo committed any unlawful practice.

### B. Plaintiffs have not Stated a Claim for "Unfair" Acts or Practices.

Conduct is "unfair" when it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Comms, Inc. v. Los Angeles Cell. Tel. Co.*, 20 Cal.4th 163, 187 (1999). Here, plaintiffs have not alleged that Wells Fargo's conduct threatens an incipient violation of an antitrust law, or violates

1 the policy or spirit of such a law. Thus, they have not pleaded a claim for "unfair" acts or
2 practices under the UCL.

### C. Plaintiffs have not Stated a Claim for "Fraudulent" Acts or Practices.

To the extent that the "fraudulent" conduct alleged consists of misrepresentations regarding the loan terms that induced plaintiffs to accept the loan, the claim fails because plaintiffs have not pleaded the fraud with requisite specificity. As further discussed below, in the discussion of plaintiffs' fraud cause of action, plaintiffs have not met any of these pleading requirements, nor can they, and therefore, they cannot allege a claim for fraudulent acts or practices. Moreover, when an entity is accused of fraud, the plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). Additionally, all alleged "misrepresentations" were expressly and clearly presented in the loan documents, signed by plaintiffs. Therefore, plaintiffs cannot state a cause of action under the UCL for fraudulent acts or practices.

### D. Plaintiffs' Claim is Preempted by HOLA.

Plaintiffs' allegations purport to challenge the manner in which the lender processed, originated, and serviced the loan. All of these are expressly preempted by the Home Owners' Loan Act, 12 U.S.C. 1461 *et seq.* ("HOLA").

The Office of Trust Supervision ("OTS") "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2. OTS regulations issued pursuant to HOLA are "so pervasive as to leave no room for state regulatory control." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008). Step one of the HOLA analysis determines whether the type of state law at issue appears in 12 C.F.R. § 560.2(b), which lists the types of state laws that HOLA preempts. *Silvas,* 514 F.3d at 1004-05. If that type of state law appears on the list, the analysis ends and the law is preempted; there is no step two. *Id*. Any presumption against preemption of state law does not apply to HOLA, and any doubt should be resolved in *favor* of preemption. *Id* (emphasis added).

1    Specifically, plaintiffs' UCL claim is preempted by HOLA because it claims Wells
2 Fargo:

3   • "Assess[ed] improper or excessive fees" (Compl., ¶26a), which is preempted by
4 12 C.F.R. § 560.2(b)(5) ("[l]oan-related fees, including without limitation, initial charges, late
5 charges, prepayment penalties, servicing fees, and overlimit fees"). *See also Silvas, supra*, 514
6 F.3d at 1006 ("Section 560.2(b)(5) specifically preempts state laws purporting to impose
7 requirements on loan related fees…. Because the UCL § 17200 claim, as applied, is a type of
8 state law listed in paragraph (b)… the preemption analysis ends there. Appellants' claim under
9 UCL § 17200 is preempted.");

10   • "Improperly appl[ied] monthly payments made toward the principle [sic] balance"
11 (Compl., ¶26b), which is preempted by 12 C.F.R. § 560.2(b)(4) (preempts claims related to terms
12 of credit, including the circumstances under which a loan may be called due and payable) and
13 560.2(b)(10) (preempts claims related to the "processing, origination, [or] servicing" of
14 mortgages);

15   • "[Sought] to collect, and collect[ed], various improper fees, costs and charges…"
16 (Compl., ¶ 26c), which is preempted by 12 C.F.R. § 560.2(b)(5), *supra*;

17   • "Execut[ed] and record[ed] false and misleading documents" (Compl., ¶ 26d),
18 which is preempted by 12 C.F.R. §560.2(b)(9) (preempts claims related to disclosures, including
19 inadequate or improper disclosures). *See, e.g., Naulty v. GreenPoint Mortg. Fund., Inc.*, 2009
20 U.S. Dist. LEXIS 79259, *14 (N.D. Cal. 2009); and

21   • "Misrepresent[ed] to Plaintiffs the actual terms of the loan." Compl., ¶ 26e. This
22 is preempted by 12 C.F.R. §§ 560.2(b)(4) ("terms of credit"), (b)(9) ("disclosures"), and (b)(10)
23 ("processing, origination, and servicing").

24    Here, the originating lender[2] was a federal savings bank that was organized and was

---

[2] HOLA still applies even though World was ultimately merged into Wells Fargo Bank, N.A., the current defendant. *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499, *17 (N.D. Cal. June 9, 2010) ("Wells Fargo notes that at the time the loan was made to the [plaintiff], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes *correctly* that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 operating under HOLA.  RJN, Ex. C.  Since plaintiffs' first claim is preempted by HOLA, the
2 cause of action should be dismissed without leave to amend.

### 5. PLAINTIFFS' SECOND CAUSE OF ACTION FOR FRAUD SHOULD BE DISMISSED.

Initially, as stated above, plaintiffs' fraud cause of action is time-barred by California's three year statute of limitations, and they have not pleaded any sufficient reason to toll the statute of limitations.  Cal. Code Civ. Proc. § 338(d).   Plaintiffs allege that "[o]n or about [December of 2005, *see n.*1, *supra*], [Wells Fargo], knowingly and willfully misrepresented, concealed and suppressed the material terms of the loan including but not limited: [sic] that the interest rate on the Plaintiffs' loan was fixed despite the fact it was adjustable interest rate capped not to decrease below 2.250%; the monthly payments of $1667.00 was [sic] for 30 years which was sufficient to pay off the interest of the loan reduce [sic] the principal balance of the loan."  Compl., ¶ 41.   They then repeat these allegations throughout paragraph 46 of the complaint and its subsections, also adding that Wells Fargo "failed to disclose that unpaid balance of the loan accrued additional interest."  Compl., ¶ 46e.  However, plaintiffs' second cause of action is fatally deficient for the reasons set forth below.

**A.** **Plaintiffs have Failed to Plead Fraud with the Requisite Specificity.**

The elements of fraud are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage.  *Conroy v. Regents of Univ. of Calif.*, 45 Cal. 4th 1244, 1256 (2009).

When alleging fraud against a corporate defendant, Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to specifically plead:  (1) the misrepresentation; (2) the speaker and his or her authority to speak; (3) when and where the statements were made; (4) whether the statements were oral or written; (5) if the statements were written, the specific documents containing the representations; and (6) the manner in which the representations were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th

---

savings banking association.") (emphasis added); *Taguinod v. World Sav. Bank, FSB*, 2010 U.S. Dist. LEXIS 127677, *5 (C.D. Cal. Dec. 2, 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 Cir. 1989). Vague or conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity"
2 requirement. *See, Moore*, 885 F. 2d at 540; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433,
3 1439 (9th Cir. 1987).

4 Here, plaintiffs have completely failed to meet these pleading requirements. They only
5 state that "[a]t the time of the signing of the loan documents, when Plaintiffs inquired about the
6 terms of the loan in the documents, they was [sic] assured by the loan officer that the loan was a
7 fixed rate loan and material terms of the loan were the same as promised. Plaintiffs were assured
8 that they would be entered into a fixed rate loan for 30 years." Compl., ¶ 17, 46a-h.

9 Plaintiffs fail, at the very least, to state *who* made the misrepresentation and under what
10 *authority* they spoke; *when* and *where* the statements were made; and whether they were *oral* or
11 *written*. As such, the second cause of action should be dismissed.

12 **B.**     **The Fraud Claim is Barred by the Parol Evidence Rule.**

13 Even assuming that the alleged representations were made, they must have occurred prior
14 to plaintiffs' signing of the loan documents in order for plaintiffs to show reliance. Any such
15 prior or contemporaneous statements are therefore barred by the parol evidence rule. Cal. Civ.
16 Proc. Code § 1856(a) ("Terms set forth in a writing intended by the parties as a final expression
17 of their agreement with respect to such terms as are included therein may not be contradicted by
18 evidence of any prior agreement or of a contemporaneous oral agreement"). *Davis v. Gulf Oil
19 Corp.*, 572 F. Supp. 1393 (C.D. Cal. 1983) held:

20 > The parol evidence proposed by plaintiff would "flatly contradict" the
21 > terms of the contract, and the Court concluded that the extrinsic evidence
22 > should not have been admitted. This holding is consistent with the
23 > longstanding rule in California that fraud cannot be proven by a promise
24 > that is "directly at variance with the promise of a writing."

25 *Id.* at 1400-01 (internal citations omitted).

26 Furthermore, the adjustable nature of the loan was evident throughout the promissory
27 note, and in fact was written in large capital letters at the top of the *first page* of the promissory
28 note. RJN, ¶ 1, Ex. A. The note states, on the first page, that it was an "ADJUSTABLE RATE

1 MORTGAGE NOTE," and directly below contains, in capital letters, the provision that "THIS
2 NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE.
3 MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES AND MY
4 PRINCIPAL BALANCE INCREASES ARE LIMITED."  RJN, ¶ 1, Ex. A.

      Furthermore, plaintiffs obviously knew that their payment amounts were fluctuating over the years, as the amounts they actually paid fluctuated per the express terms of the loan contract. Those changes gave rise to a duty on plaintiffs' part to investigate further, and they are charged with knowledge of the true facts concerning their loan terms. *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 874-75 (1983).

      Even if plaintiffs could not understand the "true terms" of the loan "due to Plaintiffs' lack of knowledge of professional finance terminology and, above all, the lack of their [sic] understanding of the English language," (Compl., ¶ 18) plaintiffs surely must have known, or been put on notice, that "adjustable" and "fixed" loans are not the same. *See also Dorado v. Shea Homes Ltd. P'ship*, 2011 U.S. Dist. LEXIS 97672, *24-28 (E.D. Cal. 2011) ("[e]ven if loan documents were not provided in Plaintiff's native language, *a reasonable Plaintiff taking out a $421,650.00 mortgage is reasonably expected to seek a translation of the documents at inception of the loan*….") (emphasis added).

      Similarly, in the promissory note, under the heading "Amount of My Initial Monthly Payments" in Section 3(B), plaintiffs were informed that the amount of the payment "*will change* as described in Section 3(C) and 3(D) below.  My initial payment amount was selected by me from a range of initial payment amounts approved by Lender and *may not be sufficient to pay the entire amount of interest accruing* on the unpaid Principal balance."  RJN, ¶ 1, Ex. A (emphasis added).  This directly contradicts plaintiffs' allegation that Wells Fargo "actively misrepresented, concealed, and suppressed material facts about the loan terms from Plaintiffs including but not limited to: the adjustable rate with capped interest rate not to decrease below 2.250%; prepayment penalty; actual monthly payments were substantially higher than the initial payments of $1,667.00."  Compl., ¶ 46d.

      The express language of the note, written in clear English, also states in section 3(E),

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

entitled "Deferred Interest; Additions to My Unpaid Principal," that "[f]rom time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called 'Deferred Interest,' will be added to my Principal *and will accrue interest* at the same rate as the Principal." RJN, ¶ 1, Ex. A (emphasis added). This clearly and directly contradicts plaintiffs' allegation that Wells Fargo "failed to disclose that unpaid balance of the loan accrued additional interest." Compl., ¶ 72e.

Similarly, the deed of trust states in the very first paragraph, in capital letters, that "THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY, AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST)." RJN, ¶ 2, Ex. B.

Although there is an exception to the parol evidence rule that permits evidence of the circumstances under which the agreement was made to establish fraud (Cal. Civ. Proc. Code § 1856(g)), this exception does not apply when, as here, the parol evidence is offered to prove a fraudulent promise directly at variance with the terms of the written agreement. *Alling v. Universal Mfg. Corp.*, 5 Cal. App. 4th 1412, 1436 (Cal. App. 1st Dist. 1992) ("The fraud exception to the parol evidence rule does not apply to such promissory fraud if the evidence in question is offered to show a promise which contradicts an integrated written agreement."); *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 347 (Cal. 2004) ("And, despite some criticism, our courts have consistently rejected promissory fraud claims premised on prior or contemporaneous statements at variance with the terms of a written integrated agreement.").

Plaintiffs' allegations that the interest rate would be fixed for the life of the loan and that the loan would not be subject to negative amortization are contrary to the express terms and conditions in the promissory note and deed of trust. Plaintiffs have therefore not only failed to allege facts supporting their allegations of fraud, but have in fact signed a document that directly contradicts those allegations.

1   Plaintiffs' failure to show any misrepresentation not directly contradicted by the written
2   agreement signed by plaintiffs is fatal to their fraud claim, and the second cause of action should
3   therefore be dismissed.

**C.      The Fraud Claim is Preempted by HOLA.**

The fraud claim is preempted by HOLA because it challenges the adequacy of "disclosures," the manner in which the loan was "originat[ed]" and "process[ed]," and the "terms of credit." 12 C.F.R. § 560.2(b)(4), (9), and (10). *Joseph v. Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 133558 (N.D. Cal. Nov. 18, 2011) *14-15 (finding that claim alleging that lender fraudulently induced plaintiffs to enter into "unduly risky loans" and promised that plaintiffs could afford the loan payments were preempted under 12 C.F.R. § 560.2 (b)(4), (b)(5) and (b)(10)); *Remo v. Wachovia Mortgage,* 2011 U.S. Dist. LEXIS 86607 (N.D. Cal. Aug. 5, 2011) (fraud claim based on allegation that Wells Fargo induced plaintiff to enter into the loan by making "misrepresentations regarding the terms of the loan [and] the loan's risks" was preempted by HOLA; § 560.2(b)(9) bars state claims that challenge disclosures in credit-related documents and advertising, and § 560.2(b)(10) preempts state claims that have to do with the "[]processing, origination, [and] servicing . . ." of mortgages).

**6.      PLAINTIFFS' THIRD CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.**

The elements of a cause of action for breach of the implied covenant of good faith and fair dealing are: (1) plaintiff and the defendant entered into a contract; (2) plaintiff did all or substantially all of the things that the contract require him to do or was excused from having to do; (3) all conditions required for defendant's performance had occurred; (4) defendant unfairly interfered with plaintiff's right to receive the benefits of the contract; and (5) defendant's conduct harmed the plaintiff. *Melegrito v. CitiMortgage Inc*., 2011 U.S. Dist. LEXIS 60447, *29-30 (N.D. Cal. June 6, 2011). "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350 at 1369 (Cal. App. 4th Dist. 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiffs allege that Wells Fargo violated the implied covenant when it "Willfully withheld numerous disclosures; Concealed and suppressed material terms of the loan; Altered the terms of the Note; and Misrepresented the material terms of the loan including but not limited [sic] interest rate and monthly payments." Compl., ¶¶ 56a-d.

Plaintiffs' claim is fatally defective for several reasons. <u>First</u>, a plaintiff must plead his performance or "adequately plead[] an excuse for his nonperformance." *Durrell, supra*. The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*; *see also Beutel v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 121486 at *9 (N.D. Cal. 2011) (granting motion to dismiss claim for breach of the implied covenant because plaintiff had not made monthly payments under note and therefore had not performed under his contractual duties). Here, plaintiffs admit that they entered into a contract under which they were obligated to make payments (Compl., ¶ 14), but they fail to allege their performance under their contract or any excuse for their nonperformance.

<u>Second</u>, alleged wrongs that occurred before a contract came into existence cannot be the basis of an implied covenant claim. *Land O' Lakes v. Gonsalves*, 2012 U.S. Dist. LEXIS 32853, *24-25 (E.D. Cal. Mar. 9, 2012) (allegations that counterclaim defendant induced counterclaim plaintiff to enter into contract by withholding information and misrepresenting facts did not state a claim; the only alleged contract "was not in existence at the time the alleged misrepresentations and concealment in bad faith and cannot form the basis of the breach of the implied covenant of good faith and fair dealing claim."). Here, any alleged failure by Wells Fargo to provide adequate loan disclosures took place before the note and deed of trust were signed. These pre-contractual alleged acts and omissions cannot be the basis of an implied covenant claim.

<u>Third</u>, plaintiffs have not identified the *specific provisions* of the note or deed of trust that were allegedly frustrated. *Perez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 96706, *51 (N.D. Cal. Aug. 29, 2011) ("to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated.").

<u>Fourth,</u> the claim is preempted by HOLA because it challenges the adequacy of

1  "disclosures," the manner in which the loan was "originat[ed]" and "process[ed]," and the "terms
2  of credit." 12 C.F.R. § 560.2(b)(4), (9), and (10). *Cordon v. Wachovia Mortg.,* 2011 U.S. Dist.
3  LEXIS 28336 at *9-10 (N.D. Cal. Mar. 4, 2011) (HOLA preempted fraud claim alleging that
4  lender "failed to disclose the negative amortization component of Plaintiff's loan" because claim
5  implicated "terms of credit, including amortization of loans" (§ 560.2(b)(4)), "disclosure and
6  advertising" (§ 560.2(b)(9)), and "origination" of mortgages" (§560.2(b)(10)).

7      The complaint is devoid of facts showing that Wells Fargo frustrated plaintiffs from
8  receiving the benefits of "the agreement actually made."  The vague allegations in the complaint
9  (¶¶ 56a-d, stated *supra*) do not, and cannot, suffice to plead that Wells Fargo has unfairly
10 frustrated plaintiffs' right to receive the benefits of the contract: Wells Fargo complied with all
11 disclosure requirements; all material terms of the loan are stated within the loan documents; no
12 alteration was made to the terms of the loan documents (nor were any alterations alleged); and
13 the adjustable nature of the loan was clearly laid out in the loan documents.  RJN, ¶¶ 1-2, Ex. A-
14 B.  Wells Fargo strictly adhered to these terms, and plaintiffs breached the terms of the contract
15 by failing to make their required payments, not by any action or inaction on the part of Wells
16 Fargo.

### 7. CONCLUSION

    For the reasons set forth above, defendant Wells Fargo Bank, N.A., respectfully requests an order granting its motion to dismiss plaintiffs' first through third causes of action without leave to amend.

Respectfully submitted,

Dated: January 15, 2013

ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP

By: */s/ Adam F. Summerfield*
    Adam F. Summerfield
    asummerfield@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (erroneously sued as "Wells Fargo Bank as successor in interest to Wachovia and World Savings Bank) ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Plaintiff's Counsel*

JP LAW
Laura Furuta, Esq.
28484 Constellation Road
Valencia, California 91355
Telephone: (661) 505-1188
Facsimile: (661) 607-0199

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on January 16, 2013.

| Rachelle H. Guillory | */s/ Rachelle H. Guillory* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |