UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MARCY ZAMORA, an individual, and MARCOS ZAMORA, an individual,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>WELLS FARGO BANK, as successor in interest to Wachovia and World Savings Bank,<br><br>　　　　　Defendant.<br>_____/ | No. C 13-134 MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>**(Docket No. 4)** |

## I. INTRODUCTION

On December 12, 2012, Plaintiffs Marcy and Marcos Zamora ("Plaintiffs") initiated this action in state court, alleging that in 2005, Defendant Wells Fargo Bank, N.A. ("Defendant"), as successor-in-interest to Wachovia and World Savings Bank, fraudulently misrepresented that Plaintiffs had been approved for a thirty-year fixed loan, rather than the adjustable rate, negatively-amortizing mortgage they actually received.

The gravamen of Plaintiffs' lawsuit is that they did not understand the terms of the loan documents due to their lack of knowledge of professional finance terminology and poor English comprehension, and that the material terms of the loan documents differed from representations made by the loan officer. The Complaint alleges three causes of action: (1) Violation of California Business & Professions Code § 17200; (2) Fraud; and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing. Not. of Removal, Exh. A ("Compl."), Dkt. No. 1. Plaintiffs seek equitable tolling of the statue of limitations based on their late discovery of the facts giving rise their complaint. Compl. ¶¶ 15-20.

Defendant removed the case to this Court on January 10, 2013. Dkt. No. 1. Defendant now

1  brings a Motion to Dismiss the Complaint on the grounds that the statute of limitations bars all
2  claims, the claims are preempted by the Homeowner's Loan Act ("HOLA"), and that the Complaint
3  fails to state claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 4.
4      The Court found this motion suitable for disposition without oral argument and vacated the
5  May 23, 2013 hearing pursuant to Civil Local Rule 7-1(b). Having considered the parties' papers,
6  relevant legal authority, and the record in this case, the Court GRANTS Defendant's motion for the
7  reasons set forth below.

## II. REQUEST FOR JUDICIAL NOTICE

9      As a preliminary matter, Defendant has filed a Request for Judicial Notice ("RJN"). Dkt. No.
10 5. Defendant requests that the Court take judicial notice of the following documents: (1) Plaintiffs'
11 Adjustable Rate Mortgage Note dated December 9, 2005, attached as Ex. A; (2) Deed of Trust dated
12 December 9, 2005 and recorded in the official records of the Alameda County Recorder's Office on
13 December 16, 2005 as Document No. 2005535536, attached as Ex. B; (3) Certificate of Corporate
14 Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the
15 Treasury ("OTS"), certifying that World Savings Bank, FSB, was a federal savings bank, attached as
16 Ex. C; (4) Letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change
17 from World Savings Bank, FSB to Wachovia Mortgage, FSB, attached as Ex. D; (5) Charter of
18 Wachovia Mortgage, FSB ("Wachovia"), effective December 31, 2007, and signed by the Director of
19 the Office of Thrift Supervision ("OTS"), reflecting in Section 4 that Wachovia was subject to HOLA
20 and the OTS, attached as Ex. E; and (6) Official Certification of the Comptroller of the Currency
21 ("OCC") stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells
22 Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A., attached as
23 Ex. F.
24     Plaintiffs object to Defendant's request, arguing that the documents may not be judicially
25 noticed under California Evidence Code sections 452 (c), (d), and (h), and that they are offered for
26 the purpose of disproving Defendant's liability. Dkt. No. 9.
27     The Court may take judicial notice of the Promissory Note (Exh. A) because a court may
28

consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). It is thus appropriate for the Court to consider the Note, since it is the subject of the allegations in Plaintiffs' complaint and the parties do not contest its authenticity. Opp. at 9:7-8, Dkt. No. 10 (stating that Complaint relies on the contents of the Note to prove fraud). Defendant's request for judicial notice is therefore GRANTED as to Exhibit A.

Documents that are public records are the proper subject of judicial notice. Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, the Court may take judicial notice of the Deed of Trust (Exh. B) because it is a document published in the official public records of Alameda County and is capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Defendant's request for judicial notice is therefore GRANTED as to Exhibit B.

With respect to Exhibits C through F, judicial notice is appropriate because these documents reflect the official acts of the executive branch of the United States, pursuant to Rule 201(b)(2). RJN, Dkt. No. 5; *Hite v. Wachovia Mortgage,* 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); *Hague v. Wells Fargo Bank, N.A.,* 2011 WL 3360026, at *1 (N.D.Cal. Aug.2, 2011) (taking judicial notice of documents reflecting "official acts of the executive branch of the United States") (citation omitted); *Preciado v. Wells Fargo Home Mortg.*, 2013 WL 1899929, at *3 (N.D.Cal.,2013) (taking judicial notice of the same exhibits at issue here). Defendant's request for judicial notice is therefore GRANTED as to Exhibits C through F.

### III. BACKGROUND

The relevant facts are taken from Plaintiff's Complaint, documents incorporated into the Complaint by reference, and documents of which the Court takes judicial notice. On December 9, 2005, Plaintiffs borrowed $439,200 from Defendant's predecessor, World Savings Bank, FS ("World

3

1 Savings."[1] RJN ¶¶ 1-2. The loan was memorialized by a Promissory Note ("Note") and secured by a
2 deed of trust recorded against 24766 Broadmoor Avenue, in Hayward, California. *Id*.

3     Plaintiffs allege that the lender's loan officer told them that the interest rate on their loan was
4 fixed, and that the monthly payments would be sufficient to pay off the principal and interest in thirty
5 years, despite the fact that the loan was actually an adjustable rate mortgage which would not pay off
6 the interest or reduce the principal balance at the conclusion of the thirty-year term. Compl. ¶¶ 20,
7 41.

8     The Note that Plaintiffs signed on December 9, 2005 is entitled, "ADJUSTABLE RATE
9 MORTGAGE NOTE," and contains the following relevant provisions:

> 2. INTEREST
> (B) Interest Change Dates The interest rate I will pay may change on the 1st day of February, 2006 and on the same day every month thereafter. Each date on which my interest rate could change is celled an "Interest Change Date." The new rate of interest will become effective on each Interest Change Date.
>
> 3. PAYMENTS
> (A) Time and Place of Payments
> I will pay Principal and interest by making payments every month. I will make my monthly payments on the 1st day of each month beginning on February 1, 2006. I will make these payments every month until I have paid (I) all the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument. If, on January 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
>
> (B) Amount of My Initial Monthly Payments
> Each of my initial monthly payments set be in the amount of U.S. $ l667.65. This amount will change as described in Sections 3© and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.
>
> (C) Payment Change Dates
> My monthly payment will change as required by Section 3(D) below beginning on the 1st day of February, 2007 and on that day every 12th month thereafter. Each of these dates is called a "Payment Change

---

[1] World Savings subsequently changed its name to Wachovia Mortgage, FSB, on December 31, 2007. It then changed its name to Wells Fargo Bank Southwest, N.A., before merging with Wells Fargo Bank, N.A., in November 2009. RJN ¶¶ 3-6, Exhs. C, D, E, and F.

> Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.
>
> (H) Notice of Payment Changes
> The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law.

RJN, Exh. A at 5-7.

Plaintiffs apparently made monthly payments in amounts that fluctuated in accordance with the adjustable interest rate terms in the Note for more than six years before defaulting on their loan obligations in early 2012.[2] Compl. ¶ 46 (c) and (d).

Plaintiffs now allege that Wells Fargo fraudulently led them to believe they had obtained a fixed rate mortgage that would fully amortize over a thirty-year term. *Id*. ¶¶ 17-19. Plaintiffs did not discover the lender's fraud because they are Spanish-speaking and their ability to read, speak and understand the English language is "very limited." *Id*. ¶ 16. Plaintiffs also "lack knowledge of professional finance terminology," and were thus prevented from discovering that the loan terms varied from their understanding until July of 2012, when their attorney reviewed the loan documents in conjunction with the pending foreclosure. *Id*. ¶¶ 15, 18.

## V. DISCUSSION

### A. Legal Standard

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule

---

[2] Default on the loan obligation is a precursor for foreclosure. Plaintiffs allege wrongful foreclosure, and violations of California Civil Code § 2923.5, coupled with the allegation that they first discovered the loan documents varied from their understanding of the loan terms in July 2012. Compl. ¶¶ 9, 15. From these allegations, the fact of default is apparent on the face of the Complaint.

5

8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B.     Statute of Limitations**

Plaintiffs raise three state law claims: (1) Defendant's conduct is "unlawful," "unfair," and "fraudulent," in violation of California Business and Professions Code § 17200 ("UCL"); (2) Defendant fraudulently misrepresented the material terms of the loan in violation of Civil Code § 1572; and (3) Defendant's conduct violated its contractual duty of good faith and fair dealing. Compl. at 5-11. Defendant contends that all claims are time-barred and that Plaintiffs have failed to plead facts establishing that the limitations period should be tolled. Even if not time-barred,

6

Defendant asserts the complaint should be dismissed because each of the state law claims are preempted by the Home Owner's Loan Act ("HOLA"), 12 C.F.R. § 560.2. Dkt. No. 4. Lastly, Defendant argues that the claims are substantively defective because: (1) Plaintiffs fail to state a claim for violation of the UCL under any of the three prongs; (2) the Complaint fails to state a claim for fraud because it does not comply with Federal Rule of Civil Procedure 9(b), and it is barred by application of the parol evidence rule; and (3) Plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing by omitting required elements of the cause of action.

Plaintiffs concede that the statute of limitations has run on each of their claims, but assert that they should nevertheless be tolled due to delayed discovery of the facts giving rise to their claims. The statute of limitations is four years for UCL claims (First Cause of Action), and claims asserting a breach of the implied covenant of good faith and fair dealing (Third Cause of Action). Cal. Bus. & Prof. Code § 17208; Cal. Code Civ. Proc. § 337(1). The statute of limitations for a fraud claim is three years. Cal. Code Civ. Proc. § 338(d). Plaintiffs executed the Note and Deed of Trust in December of 2005, in reliance on the lender's alleged misrepresentations about the terms of their loan. Yet, Plaintiffs did not file the lawsuit until December 12, 2012. Accordingly, Plaintiffs' claims are time-barred unless they have established grounds for extending the statute of limitations.

To rely on the doctrine of delayed discovery, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal.4th 797, 808 (2005) (quoting *McKelvey v. Boeing North American, Inc.,* 74 Cal.App.4th 151, 160 (1999)). Under this rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action." *Fox*, 35 Cal.4th at 803. The plaintiff relying on delayed discovery thus bears the burden to show diligence, and conclusory allegations will not withstand dismissal. *Id*. at 809.

As a threshold matter, Plaintiffs assert that they did not discover that they did not receive a

7

1  thirty-year fixed mortgage at the time they signed the loan documents because they did not speak or
2  understand English and did not understand "professional finance terminology."  Compl. ¶¶ 16-18.
3  Plaintiffs attempt to excuse their lack of diligence by alleging reliance on the lender's
4  misrepresentation, existence of a fiduciary relationship between themselves and Defendant, and the
5  lender's failure to provide a Spanish translation of the Note as required by California Civil Code §
6  1632.  Opp. at 5:6-12, 15-26.  Plaintiffs also assert that the changes in the terms of the loan did not
7  occur until "many years" after the loan origination, and thus the earliest they could have discovered
8  the facts giving rise to their claims was in July of 2012, when a lawyer reviewed the Note.  *Id*. at 5:
9  13-14.  However, these assertions are at odds with their allegations that "the stable monthly payments
10 of $1,677.00 for 30 years were never in effect," and that the "actual monthly payments were
11 substantially higher than the initial payments of $1,677.00.  Compl. ¶ 46 (c) and (d).

12         Even without this glaring inconsistency, the facts are insufficient to establish that Plaintiffs
13 could not have discovered the alleged fraud sooner through the exercise of reasonable diligence.
14 Plaintiffs state that they had the loan documents since origination, knew they couldn't understand
15 them, but did nothing.  This is the opposite of diligence.  *See Davenport v. Litton Loan Servicing, LP*,
16 725 F. Supp. 2d 862, 873 (N.D.Cal. 2010) (equitable tolling argument rejected and claims dismissed
17 where plaintiff could not explain why she failed to have loan documents examined by a forensic
18 accountant before the statute of limitations expired).  These allegations also directly conflict with
19 Plaintiffs' claims that Defendant's fraud prevented discovery of the true terms of the loan because the
20 Complaint asserts that Plaintiffs not only had all of the tools to discover the facts in their possession,
21 but inexplicably chose to ignore them.

22         Where a plaintiff has access to papers disclosing the loan terms at the inception of the loan, it
23 is presumed that reasonable diligence would have enabled such a plaintiff to discover the alleged
24 fraud.  *Nevarez v. Wells Fargo, N.A.*, 2012 WL 2428233, at *5 (N.D.Cal. June 26, 2012) (UCL,
25 fraud, and breach of covenant of good faith and fair dealing causes of action accrued at loan
26 origination; allegations that plaintiffs did not understand loan terms due to language or lack of legal
27 knowledge, did not establish claims could not be discovered by exercise of due diligence); *see also*
28

8

*Giordano v. Wachovia Mortg., FSB,* 2011 WL 1130523, at *3 (N.D.Cal., Mar. 25, 2011) (allegations that lender misrepresented and failed to disclose material terms of mortgage insufficient to trigger discovery rule where mortgage terms disclosed in loan documents plaintiffs signed); *Hague v. Wells Fargo Bank, N.A.,* 2012 WL 1029668, at *5 (N.D. Cal. Mar. 26, 2012) (claims alleging that Wells Fargo misrepresented the terms of a loan dismissed as time-barred where plaintiff could have discovered the alleged fraud through reasonable diligence by examining the loan papers in his possession).

Plaintiffs rely on *Galindo v. Financo Financial, Inc.*, 2008 WL 4452344, *4 (N.D.Cal. Oct. 3, 2008), to establish that equitable tolling is appropriate where an illiterate borrower relied on the lender's fraudulent oral representations of the material terms of the loan. However, *Galindo* is distinguishable does not compel a different conclusion. In *Galindo*, the plaintiff was illiterate, and thus the lender's representations were "even more critical than in the average consumer transaction." *Id*. The borrower was also not given a copy of the loan documents until three weeks after the transaction, discovered the fraud a short period thereafter, and sought tolling of less than two months. By contrast, Plaintiffs concede they had notice of their claims long before the statute of limitations expired. Compl. ¶ 46(c) ("The stable monthly payments of $1,677.00 for 30 years were never in effect as represented at loan signing, making the promise of uniform payments in that amount a further fraud."); ¶ 46(d) ("...actual monthly payments were substantially higher than the initial payments of $1,667.00").

Nor do Plaintiffs allege sufficient facts to establish the existence of a fiduciary relationship between themselves and their lender, such that delayed discovery of the fraud was excused. A mortgage lender does not owe its borrower a fiduciary duty. *Bhandari v. Capital One, N.A.,* 2013 WL 1736789, *6 (N.D.Cal., Apr. 22, 2013); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); *Price v. Wells Fargo Bank,* 213 Cal. App. 3d 465, 476 (1989) ("Between a bank and its loan customers" there is no fiduciary relationship.) (overruled on other grounds).

Plaintiffs thus fail to plead any facts showing that they could not have discovered the terms of

9

the loan or the fraudulent misrepresentations sooner than July 2012, well over six years after the loan was originated. The Note itself states that the loan is adjustable, and that Plaintiffs' monthly payments would begin to change on February 1, 2007, over five years before the filing of this Complaint. RJN, Exh. A. Moreover, to the extent Plaintiffs' bare assertion that the changes in the loan terms did not occur until "many years" after loan origination conflicts with the Note, the Court finds that the Note controls. *Gamble v. GMAC Mortg. Corp.*, 2009 WL 400359, *3 (N.D.Cal. Feb. 18, 2009) (citing *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 674 (2d Cir. 1995) and *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("in the event of conflict between the bare allegations of the complaint and any exhibit attached . . ., the exhibit prevails").

Finally, the Court notes that Plaintiffs secured their loan in December 2005. RJN, Exh. A. Each of the three claims in the Complaint relate to misrepresentations alleged to have been in connection with the origination of the loan. Compl. ¶ 17 (alleging that Wells Fargo misrepresented the terms of the loan "at the time of signing the loan documents"); ¶ 26 (alleging that Wells Fargo violated the UCL by misrepresenting the actual terms of the loan); ¶ 41 (alleging that Wells Fargo defrauded Plaintiffs by misrepresenting material terms of the loan[3]); ¶ 49 (alleging that Wells Fargo made the misrepresentations to induce Plaintiffs to enter into the loan); and ¶ 56 (alleging that Wells Fargo breached the covenant of good faith and fair dealing by misrepresenting the material terms of the loan). While Plaintiffs describe each claim in slightly different language, the essence of each is a misrepresentation at the time the loan was executed. The Court thus finds that the Complaint is barred by the statute of limitations. As dismissal is required on this basis alone, the Court will not address the remaining arguments in Defendant's Motion to Dismiss.

## VI. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. Plaintiffs'

---

[3]Plaintiffs allege numerous other deceptive business practices "with respect to mortgage loan servicing, foreclosure of residential properties and related matters" in ¶ 26, but since Plaintiffs do not allege wrongful foreclosure, or any other related causes of action, or plead when they were affected by these alleged wrongful business practices, the Court cannot consider these allegations for the purpose of ruling on the motion to dismiss.

Complaint is DISMISSED WITH LEAVE TO AMEND, but only if Plaintiffs can assert facts showing that any applicable statute of limitations has been tolled and that they had no way of knowing they had an adjustable rate loan. In order to do this, Plaintiffs must overcome (1) the fact that they made monthly payments in amounts that fluctuated in accordance with the adjustable interest rate terms in the Note for more than six years before defaulting on their loan, and (2) the fact that Plaintiffs had access to papers disclosing the loan terms at the inception of the loan. A First Amended Complaint, if any, shall be filed within twenty (20) days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 28, 2013

_____
Maria-Elena James
United States Magistrate Judge