UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCY ZAMORA, et al.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 13-cv-00134-MEJ

**ORDER DENYING PLAINTIFFS' MOTION TO VACATE ORDER OF DISMISSAL**

Re: Dkt. No. 30

## INTRODUCTION

On August 5, 2013, the Court dismissed this case for failure to prosecute. Dkt. No. 29. Currently pending before the Court is Plaintiffs Marcy and Marcos Zamora's ("Plaintiffs") Motion to Vacate Judgment of Dismissal for Want of Prosecution and Reinstate Case, pursuant to Federal Rule of Civil Procedure 60(b). Dkt. No. 30. Defendant Wells Fargo Bank, N.A. filed an Opposition on December 30, 2013. Dkt. No. 31. Plaintiffs did not file a reply. Oral argument was held on January 30, 2014. For the reasons set forth below, the Court DENIES Plaintiffs' Motion.

## BACKGROUND

On December 12, 2012, Plaintiffs filed this action against Wells Fargo Bank, N.A., as successor-in-interest to Wachovia and World Savings Bank ("Defendant") in the Superior Court of California, County of Alameda. Compl., Not. of Removal, Dkt. No. 1. In the Complaint, Plaintiffs, who are native Spanish speakers, allege that they believed they obtained a thirty-year

fixed home loan from World Savings Bank in December of 2005, but actually received an adjustable rate, negatively amortizing loan. *Id*. The Complaint alleged three causes of action against Defendant pertaining to origination of the loan: (1) Violation of California Business & Professions Code section 17200; (2) Fraud; and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing. *Id*. Although they obtained the loan in 2005, Plaintiffs asserted that the statute of limitations should be tolled because they failed to discover the actual loan terms until December 2012. *Id*.

Defendant removed the Complaint to this Court on January 10, 2013, based on diversity jurisdiction, (Dkt. No. 1), and subsequently filed a Motion to Dismiss on the grounds that: the statute of limitations barred all Plaintiffs' claims; the claims are preempted by the Homeowner's Loan Act; and that the Complaint failed to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) (Dkt. No. 4). On May 28, 2013, the Court dismissed Plaintiffs' Complaint with leave to amend, but only if Plaintiffs could "assert facts showing that any applicable statute of limitations has been tolled and that they had no way of knowing that they had an adjustable rate loan." Order re: Mot. to Dismiss at 11, Dkt. No. 20.

Plaintiffs filed a First Amended Complaint ("FAC") on June 17, 2013. Dkt. No. 21. The FAC contained the same allegations relating to their delayed discovery allegations; however, in an attempt to bring the claim within the statute of limitations, Plaintiffs now asserted that their loan officers falsely represented that they could qualify for a loan modification in three years, or would have "the absolute" and "guaranteed ability to refinance" after three years. FAC ¶ 17(d)-(f). The FAC alleged that Plaintiffs commenced this lawsuit when Defendant informed them that refinancing was not possible. *Id*. ¶ 17(g).

In order to bring the section 17200 claim within the statute of limitations, Plaintiffs alleged that the violations stemmed from Defendant's servicing activities beginning in 2009, but omitted any claim based on misrepresentation of the initial loan terms. *Id*. ¶¶ 29-32. However, the fraud and the breach of the implied covenant of good faith and fair dealing claims still relied on the allegation that Defendant failed to disclose the material terms of the loan. *Id*. ¶¶ 57-62, 67.

On July 1, 2013, Defendant filed a Motion to Dismiss the FAC, with a noticed hearing date

1    of August 8, 2013. Dkt. No. 22. Although their opposition was due on July 15, 2013, Plaintiffs
2    failed to file an opposition. On July 24, 2013, the Court vacated the August 8, 2013 hearing and
3    ordered Plaintiffs to show cause by August 1, 2013, as to why the case should not be dismissed for
4    failure to prosecute. Order to Show Cause ("OSC"), Dkt. No. 26. The OSC advised that failure to
5    respond would be deemed sufficient grounds to dismiss the action without further notice. *Id*.
6    Plaintiffs did not file a response to the OSC. On August 5, 2013, the Court dismissed the case
7    under Rule 41(b) for failure to prosecute. Dkt. No. 29.

8    Plaintiffs state that their counsel, Laura Furuta, hired an appearance attorney to attend the
9    August 5 hearing. Mot. at 4. On August 8, 2013 the appearance attorney informed Furuta that the
10   Court had dismissed the case on August 5, 2013. *Id*. On December 16, 2013, four months after
11   the dismissal, Furuta filed the present motion to vacate. The sole basis for relief asserted by
12   Furuta is excusable neglect due to the June 20, 2013 theft of the entire contents of her law office,
13   which occupied most of her attention through September of 2013. *Id.* at 6.

14   Defendant filed an Opposition on December 30, 2013, arguing that as a threshold matter,
15   the motion to vacate was untimely because of the four-month delay between the time Furuta
16   learned of the dismissal and the filing of the motion for relief. Opp'n at 2. Defendant further
17   argues that even if timely, Furuta failed to establish excusable neglect because she admitted that
18   she knew Defendant's motion to dismiss the entire action was pending, but nevertheless did
19   nothing. *Id.* at 3. Defendant further argues that Furuta did not present any valid defense to
20   Defendant's motion to dismiss, or file a reply brief in support of the present motion. *Id.*

21   On January 30, 2014, the Court held a hearing on the motion to vacate. At the hearing,
22   Furuta claimed that she did not receive notice of the OSC by mail and that she assumed, without
23   checking the docket, that the motion to dismiss hearing would remain on calendar even if she did
24   not file an opposition. Furuta did not respond to the Court when asked if she had computer access,
25   but she advised the Court that Plaintiffs knew the case had been dismissed.

26                                    **DISCUSSION**
27   **A.    Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b).**
28   Rule 60(b) provides that a party may be entitled to relief from a judgment entered against it

3

1  "[o]n motion and upon such terms as are just ... for the following reasons: ... (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence' ... and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993)). The determination of whether neglect is considered "excusable" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs*, 507 U.S. at 395). In determining whether neglect is excusable, the Court analyzes four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Lemoge*, 587 F.3d at 1192 (quoting *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

**B.      Application to the Case at Bar**

Furuta argues that her failure to timely oppose Defendant's Motion to Dismiss was due to excusable neglect stemming from the June 20, 2013 theft of the entire contents of her law office. Mot. at 6. In response, Defendant contends that Furuta's conduct in failing to oppose the motion or respond to the OSC demonstrates culpable, rather than excusable conduct. Opp'n at 3. Having reviewed the parties' arguments, the Court finds that the equities weigh in favor of denying Plaintiffs' motion.

1.      Prejudice

To be prejudicial, the setting aside of a judgment or order "must result in greater harm than simply delaying resolution of the case." *CEP Emery Tech Investors, LLC v. J.P. Morgan Chase Bank, N.A.,* 2011 WL 1226028, at *4 (N.D. Cal. Apr. 1, 2011). Rather, "to be considered prejudicial, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (quotations omitted). Here, Defendant has not argued that the delay has caused any significant prejudice. Accordingly, the Court finds this factor weighs in favor of vacating the judgment.

4

### 2. Length of Delay

A Rule 60(b)(1) motion to vacate a judgment due to excusable neglect should be filed within a "reasonable time," and in no case may be filed more than a year after the judgment or order was entered. Fed. R. Civ. P. 60(c). "Such a motion may be denied, although it was filed within the one year period, if the district court finds that the [party] was guilty of laches or unreasonable delay." *Meadows v. Dominican Republic*, 817 F.2d 517, 520–21 (9th Cir.1987) (internal citations omitted). Whether a motion is brought within a reasonable time "depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981).

The Court finds that under the facts and circumstances of this case, Furuta has failed to establish that the four-month delay in filing this motion was reasonable. Furuta explained her initial neglect in failing to oppose the motion to dismiss, but failed to provide any explanation for her delay after learning that the case was dismissed on August 8, 2013. Furuta Decl. ¶¶ 2-4, Dkt. No. 30. Nor did Furuta take the opportunity to explain the reason for this delay at the January 30 hearing. Furuta also had the practical opportunity to learn of the OSC and impending dismissal as early as July 24, 2013, yet she unconvincingly advised the Court that she did not receive notice of the OSC, or the order of dismissal, because she did not receive service *by U.S. mail*.[1] However, in her Motion, Furuta states that her appearance attorney called her on August 8, 2013, and informed her that the Court was granting Defendant's Motion to Dismiss. Mot. at 4. Yet she did not file this motion for over four months. Without an adequate explanation, such delay is not reasonable. *See McPhatter v. Ryan*, 2013 WL 428280, at *5 (D. Ariz. Feb. 4, 2013) (unexplained delay of four months and five days justified denying Rule 60(b)(1) motion as untimely); *Regan v. Frank*, 2008

---

[1] This claim is somewhat perplexing given that Civil Local Rule 5-1 mandates that "[a]ll cases, except sealed cases, are designated for participation in the Court's Electronic Case Filing ("ECF") system. Orders filed by the Court are served only via the emailed Notice of Electronic Filing. L.R. 5-1(h)(3). Furuta did not advise the Court that she had any problems receiving email, or that she lacked access to a computer. Even so, as a registered attorney, she had the duty to keep her email address current. L.R. 5-1 (c)(3). "Counsel cannot make the calculated choice to take no action with respect to [her] electronic inaccessibility . . . and then avail [her]self of discretionary relief from the consequences of that choice." *Fernandes v. Craine* 538 Fed. App'x. 274, 276 (4th Cir. 2013).

1  WL 508067, at *4 (D. Haw. Feb. 26, 2008) (denial of plaintiff's Rule 60(b)(1) and (6) motion as
2  untimely justified where plaintiff waited over four months to file it, and "provided no reasonable
3  justification for his continued delay"), aff'd without pub'd opinion on other grounds, 334 Fed.
4  Appx. 848 (9th Cir. 2009); *Villegas v. City of Colton*, 2011 WL 3568270, at *2-3 (C.D. Cal. Aug.
5  9. 2011) (Rule 60(b)(1) motion found untimely where the five-month delay in filing motion was
6  unexplained, and court found plaintiff's reasons for failure to file opposition to motion for
7  summary judgment insufficient).

8  For her part, Furuta contends that four months is not a significant amount of time, given
9  the fact that her office was broken into six months earlier.  Furuta unconvincingly analogizes to
10 *CEP Emery Tech Investors* for the proposition that a four-month delay is not an inordinate amount
11 of time to move for relief.  However, Furuta ignores that in *CEP*, the time between the attorney
12 learning of the dismissal and the filing of the motion for relief *was only seven days*, and the
13 original delay was due to the prior attorney's severe mental illness.  *CEP Emery Tech Investors,*
14 2011 WL 1226028, at *4.  Here, Furuta knew about the dismissal for over four months, yet did
15 nothing.  Under these circumstances, the Court finds that the length of delay is significant.  Thus,
16 this factor weighs against relief.

17  3.  Reason for the Delay

18  Furuta does not provide a reason for waiting over four months to file the Rule 60 motion,
19 nor has she sufficiently demonstrated why she did not file an opposition to the motion to dismiss
20 or a response to the OSC.  Furuta stated that she knew that the motion to dismiss was pending, but
21 that she chose not to oppose it. Furuta Decl. at ¶¶ 4-6 (Furuta knew she was "severely hampered"
22 by the break-in, knew she would need to request leave of court for a continuance or associate other
23 counsel, but did nothing beyond hiring an appearance attorney for the upcoming hearing); Mot. at
24 3 (Furuta received the Motion to Dismiss, contemplated filing a response or an amended pleading,
25 but decided to focus on restoring her possessions instead).  Further militating against a finding that
26 the neglect was excusable was the fact that Furuta implausibly maintained that she believed the
27 Court would nevertheless hold a hearing on the motion even though she failed to file an
28 opposition. Mot. at 4.  Furuta also implausibly maintained she was unaware of any activity on the

6

1 docket from June 15, 2013 until August 8, 2013, despite the fact that she was required to
2 exclusively use the ECF system to file pleadings, and to receive notice of the orders of this Court.
3 Civ. L.R. 5-1(c)(3) and (h)(3). Yet, during this time, Furuta used the ECF system to file pleadings
4 in other cases, including a joint case management statement on July 15, 2013, the same day on
5 which the opposition was due.[2] RJN, Ex. 2.

On this record, the Court finds that Furuta has not sufficiently established that the neglect in filing the opposition, responding to the OSC, and filing the motion for relief was excusable. Furuta deliberately chose to neglect to file the opposition, failed to seek a continuance of the deadline from the Court, failed to monitor ECF to see if there were any filings in the case, continued to prosecute other cases during this time, and did not file the motion for relief for over four months after learning of the dismissal, without providing a reason for the lengthy delay. Accordingly, the Court finds that Furuta's reason for the delay is insufficient. *See Tung Tai Group v. Oblon*, 2010 WL 2681962, at *4 (N.D. Cal. July 6, 2010) (failure to offer plausible explanation for not filing an opposition to summary judgment motion plaintiff knew was pending, or "at minimum" requesting a continuance, outweighed a reasonable delay and no evidence of undue prejudice or bad faith). Accordingly, this factor weighs against relief.

4. Good Faith

There is no evidence or allegation that Furuta's errors resulted from "deviousness" or "willfulness" that would suggest a lack of good faith. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750,753 (9th Cir. 2002). This factor thus weighs in Furuta's favor.

**CONCLUSION**

Upon consideration of all these factors, the Court is convinced that the balance weighs against granting Plaintiffs' Motion. Given Furuta's failure to file an opposition to Defendant's Motion to Dismiss, failure to respond to the OSC, and her failure to justify the four month delay in

---

[2] Defendants request that the Court take judicial notice of a minute order and case management statement Furuta filed in another case to establish that she was using the ECF system during the time she claims to have been unaware of any filings in this case, and that she was able to prosecute other lender-related cases. Req. Jud. Not. ("RJN"), Dkt. No. 32. The Court will take judicial notice of these documents. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986) (A court may take judicial notice of court records).

7

filing the request for relief from dismissal, the Court finds that Plaintiffs' have failed to establish excusable neglect.  Accordingly, the Court DENIES Plaintiffs' motion for relief under Rule 60(b)(1).

**IT IS SO ORDERED.**

Dated: May 19, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge